UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHIQIANG GAO, et al.,

                                           **Plaintiffs,**                        **18-CV-6439 (ALC)(SN)**

         -against-                                                        **ORDER**

**UMI SUSHI, INC., et al.,**

                                           **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        On September 14, 2019, Defendants filed a motion for discovery sanctions against Plaintiffs. ECF No. 51. Defendants request that the Court: (1) preclude Plaintiff Shiqiang Gao from testifying; and (2) dismiss the complaint. Id. at 3. Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

        Plaintiffs were scheduled to be deposed on August 20, 2019. ECF No. 49, at Ex. 6. On August 19, Plaintiffs filed a letter with the Court requesting, among other things, that the Court permit Plaintiff Shiqiang Gao to be deposed by video. ECF No. 48, at 1. Plaintiffs' counsel represented that Gao currently resided in China and could not return to the United States because of a "medical condition" and "immigration issues." Id. Defendants filed a letter opposing Plaintiffs' request. ECF No. 49.

        On August 23, 2019, the Court ordered the parties to conduct Gao's deposition by video. ECF No. 50, at 1. As a sanction for Plaintiffs' unjustified delay in bringing this issue to the

Court's attention, Plaintiffs were directed to cover the expenses associated with scheduling the deposition. Id.

In light of the Court's Order, Plaintiffs proposed that the parties conduct Gao's deposition on September 16, 2019, the last day to complete discovery. ECF No. 51, at Ex. 1. Defendants confirmed that this date was acceptable, but requested additional information regarding the logistics of conducting a deposition by video. Id. at Ex. 2. When Plaintiffs did not respond, Defendants sent follow-up emails on August 30 and September 9. Id. at Ex. 3.

Plaintiffs provided the requested details on September 10. ECF No. 51, at Ex. 4. On September 11 and again on September 12, Defendants asked where the deposition would take place so that they could order a court reporter. Id. at Ex. 5. Rather than providing the deposition's location, however, Plaintiffs responded that Gao's deposition would need to be rescheduled. Id. at Ex. 6. Plaintiffs' counsel explained that Gao had attempted to obtain a permit to travel from China to Hong Kong where he could sit for his deposition. Id. at Ex. 7. However, because of on-going political unrest in Hong Kong, Gao could not acquire the permit for approximately seven days. Id. This communication was sent on Thursday, September 12, just two business days before Gao's deposition.

Defendants requested confirmation that Gao would not be produced on the original deposition date. ECF No. 51, at Ex. 7. But Plaintiffs abruptly shifted course. At 5:44 P.M. on Friday, September 13, Plaintiffs stated that Gao's deposition could move forward on Monday, September 16th. Id. at Ex. 8. Although Defendants attempted to schedule a court reporter at the last minute, they were unable to do so. ECF No. 51, at 2.

**DISCUSSION**

Defendants request that Gao be precluded from testifying and that Plaintiffs' complaint be dismissed. ECF No. 51, at 3. The Court agrees that Plaintiffs should be sanctioned, but does not believe that dismissing the complaint is warranted at this time.

If a party fails to obey an order to provide or permit discovery, the court may issue further just orders. Fed. R. Civ. P. 37(b)(2)(A). In determining the appropriate sanctions to impose, courts consider the following factors: (1) the willfulness of the non-compliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party has been warned of the consequences of noncompliance. World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (citing Agiwal v. Mis Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). These factors are not exclusive, and it is not an abuse of discretion to impose sanctions where only some of the factors have been implicated. S. New England Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 144 (2d Cir. 2010).

Plaintiffs claim that they did not learn of the seven-day period to obtain a travel permit until September 12, 2019. See ECF No. 53, at 2. Even if true, Plaintiffs had three weeks from the Court's August 23 Order to coordinate any logistical difficulties in conducting Gao's deposition. Waiting until the last minute to organize these details — especially when Plaintiffs were previously sanctioned for the same type of wait-and-see litigation — is entirely unjustified.

Nevertheless, imposing dispositive sanctions is premature. Coordinating cross-continental depositions can be complicated, and the Court is not convinced that lesser sanctions are no longer effective in compelling Plaintiffs' compliance. Accordingly, Plaintiffs are directed to pay the reasonable attorney's fees and costs that Defendants incurred in filing their September

14th motion for sanctions. Plaintiffs are warned that further noncompliance with the Court's orders will necessitate harsher sanctions, including dismissing some or all of Plaintiffs' claims with prejudice.

## CONCLUSION

Defendants' motion for discovery sanctions is GRANTED in part and DENIED in part. The parties are ORDERED to meet and confer on a reasonable fee for Defendants' motion. If the parties cannot reach agreement, Defendants shall file a letter motion with supporting records by October 18, 2019. The Plaintiffs may oppose that request by October 25, 2019.

The parties shall complete Plaintiff Shiqiang Gao's deposition no later than Friday, October 18, 2019.

Any party who wishes to file a motion for summary judgment shall file a pre-motion letter with the Honorable Andrew L. Carter Jr., by Monday, November 4, 2019.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 51 & 54.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 4, 2019
         New York, New York

4