USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHIQIANG GAO, *on his own behalf and on behalf of others similarly situated,* and JIANMIN PENG,

                           **Plaintiffs,**

-against-

UMI SUSHI, INC., ET AL.,

                           **Defendants.**

1:18-cv-06439 (ALC)

ORDER

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Shiqiang Gao and Jianmin Peng (collectively, the "Plaintiffs") bring this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210 and the New York Labor Law ("NYLL"), N.Y.L.L. § 198(1-a). Before the court is Plaintiffs' objection to Magistrate Judge Netburn's October 31, 2019 ruling, awarding Defendants Umi Suhi, Luo Kun Zheng, Sumiati Ong, and Ai Zhen Zheng (collectively, the "Defendants") attorney's fees for the cost of Defendants' October 4, 2019 motion for discovery sanctions. *See* ECF No. 58. After careful consideration, Plaintiffs' motion is **DENIED**.

## BACKGROUND

Plaintiffs commenced this action on July 7, 2018. On September 25, 2018, Judge Netburn entered a Civil Case Management Plan & Scheduling Order, which stated "[a]ll fact disvoery shall be completed by Friday, February 1, 2019." ECF No. 18. Plaintiffs were served with a Notice of Deposition on December 11, 2018. Pls.' Ex. 1 at 1. After motion practice and extension requests, the Parties agreed to a deposition date for Plaintiffs on August 15, 2019. Defs.' Ex. 1 at 6. On August 13, 2019, Plaintiffs' counsel emailed Defendants, indicating that Plaintiffs were no longer available for a deposition on August 15, 2019 and instead were

1

available on August 20, 2019. Defs.' Ex. 1 at 8. In further correspondence on August 14, 2019, Plaintiffs' counsel indicated that Plaintiff Gao necessitated a deposition via video because he had previously relocated to China. Defs.' Ex. 1 at 10. Defendants did not consent to this request and as a result, on August 19, 2019, Plaintiffs filed a letter requesting a discovery extension and permission to conduct the deposition by video. *See* ECF No. 48. Judge Netburn granted these requests on August 23, 2019, extending the discovery deadline to September 16, 2019. ECF No. 50. In addition, Judge Netburn ordered that Plaintiffs cover the expenses associated with conducting the deposition by video "as a sanction for Plaintiff's unjustified delay in brining [Gao's location] to the Court's attention." *Id.*

The Parties then agreed that Gao's deposition would occur on September 16, 2019. Defs.' Ex. 4. On September 12, 2019, Plaintiffs indicated that Gao was unavailable to travel to Hong Kong for the deposition due to political unrest and consequently, requested a seven day extension. Defs.' Ex. 6. Plaintiffs did not explain why the deposition had to occur in Hong Kong. Defs.' Ex. 6. In response, at 3:04 p.m. on September 13, 2019, Defendants sought confirmation that Gao would be produced for the deposition as scheduled. Defs.' Ex. 7. A couple hours later, at 5:44 p.m. Plaintiffs confirmed that Gao would in fact be produced. Defs.' Ex. 8. Unfortunately, however, due to the timing of Plaintiffs' confirmation, Defendants were unable to schedule a court reporter.

On September 14, 2019, Defendants filed a motion for discovery sanctions against Plaintiffs requesting that the Court preclude Gao from testifying and dismiss the Complaint. *See* ECF No. 51. Judge Netburn granted in part and denied in part Defendants' motion, ordering Plaintiffs "to pay the reasonable attorney's fees and costs that Defendants incurred in filing their September 14[th] motion for sanctions." ECF No. 55 at 3. Plaintiffs objected to Judge Netburn's

imposition of sanctions on October 18, 2019, arguing that Defendants unnecessarily cancelled the September 16th deposition.

## LEGAL STANDARD

When presented with objections to an order issued by a magistrate judge concerning a nondispositive matter, including discovery orders, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's findings may be considered "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher*, No. 92 Civ. 6987, 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted).

A magistrate judge has broad discretion to manage discovery disputes. *See Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11 Civ. 6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015) ("A magistrate judge's resolution of a discovery dispute deserves substantial deference") (internal quotation marks and citations omitted). Therefore, "[a] party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.*, No. 08 Civ. 1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011) (internal citations omitted).

## DISCUSSION

3

Pursuant to Rule 37(b)(2), the Court may issue "any just orders" when a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders [outlined in Rule 37(b)(2)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "[I]mposition of Rule 37(b) sanctions for failure to comply with discovery demands must be weighed in light of the full record." *Shasgus v. Janssen, L.P.*, No. 08CV180A, 2009 U.S. Dist. LEXIS 79156, at *6 (W.D.N.Y. Aug. 13, 2009) (quoting *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures*, 602 F.2d 1062, 1068 (2d Cir. 1979)). Furthermore, the "Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(b)." *Id.* (citing *See Reilly v. NatWest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119, 120 S. Ct. 940, 145 L. Ed. 2d 818 (2000)).

In this case, Judge Netburn issued an order on August 23, 2019, requiring that "[t]he deadline to complete all discovery [be] extended until Monday, September 16, 2019, for the limited purpose of deposing Plaintiff Shiqiang Gao by video." ECF No. 50 at 2. The Court finds that this Order clearly and unambiguously set forth the deadline for Gao's deposition. Furthermore, the Court finds Plaintiffs' reasoning for not complying with the Judge Netburn's Order unpersuasive. As Judge Netburn noted, Plaintiffs had over three weeks to schedule and address logistical issues related to Gao's deposition being taken abroad. Plaintiffs however waited until September 12, 2019, only four days before the deposition, to coordinate Gao's deposition being taken in Hong Kong, which required him to travel by plane. Plaintiffs' delay in coordinating the logistics of the deposition therefore was not reasonably diligent.

4

## CONCLUSION

For the reasons set forth above, the Court finds that Judge Netburn's decision was neither contrary to the law nor clearly erroneous. Accordingly, Plaintiffs' motion is **DENIED**. The Parties are hereby **ORDERED** to adhere to the following briefing schedule:

| | |
|---|---|
| **Motion for Summary Judgement:** | **February 21, 2020** |
| **Opposition to Motion:** | **March 23, 2020** |
| **Reply:** | **April 6, 2020** |

**SO ORDERED.**

Dated: **January 21, 2020**
**New York, New York**

ANDREW L. CARTER, JR.
**United States District Judge**