UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
SHIQIANG GAO,                                    Docket No: 18-cv-06439
*on his own behalf and on behalf of others similarly
situated*
                                  Plaintiffs,

              -against-


UMI SUSHI, INC. d/b/a Umi Sushi;,
LING XIE CORP. d/b/a Dai Hachi Sushi;
DAI HA CHI SUSHI CORPORATION
d/b/a Dai Hachi Sushi;
LUO KUN ZHENG,
SUMIATI ONG a/k/a Amy Ong,
AI ZHEN ZHENG, and
LING XIE

                                 Defendants
----------------------------------------------------------------------x


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS
## MOTION FOR SUMMARY JUDGMENT


Dated:  New York, NY
        February 21, 2020

                                      */s/ Vincent S Wong*
                                      Vincent S. Wong, Esq. (VW9016)
                                      Law Offices of Vincent S. Wong
                                      39 East Broadway, Suite 306
                                      New York, NY 10002
                                      P: (212) 349-6099
                                      F: (212) 349-6599

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 4 |
| STATEMENT OF FACTS | 4 |
| SUMMARY JUDGMENT STANDARD | 5 |
| I. AI ZHEN ZHENG WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL | 6 |
| II. SUMIATI ONG WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL | 8 |
| CONCLUSION | 9 |

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) — 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) — 5, 6

*Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005) — 7

*Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) — 7

*Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 534-35 (E.D.N.Y. 2007) — 7

*Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) — 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) — 6

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008) — 7

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support to the Defendants motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## STATEMENT OF FACTS

Plaintiffs allege that they worked as a deliveryman for Defendants. Plaintiffs are suing for unpaid wages and overtime.

Plaintiff Gao, is alleged to have worked for Defendants, as a deliveryman, from November 11, 2017 to April 12, 2018.[1] Plaintiff Gao alleges that he worked 4 full days and 3 half days for a total of 61.33 hours per week.[2] Plaintiff Gao alleges that he was paid a flat rate of $1200 per month regardless of hours worked.[3] Defendants deny these allegations.

Plaintiff Peng is alleged to have worked for Defendants, as a deliveryman, from approximately June 9, 2019 to June 23, 2019[4] and September 2014 to September 2017[5]. Plaintiff Peng is alleged to have been paid $60 per day[6] and to have worked 10 hours per day.[7] Defendants deny these allegations.

It is of particular note that all Plaintiffs only alleges that they worked at 118 E 31st St, New York, NY, 10016[8]. Despite this, in this lawsuit, Plaintiffs have sued two other corporations, Defendants LING XIE CORP. and DAI HA CHI SUSHI CORPORATION, which pursuant to

---

[1] Complaint ¶ 7
[2] Complaint ¶ 46
[3] Complaint ¶ 51
[4] Dep. of Peng pg 24 ¶16-25
[5] Dep. of Peng pg 30 ¶25- pg 31¶5
[6] Dep. of Peng pg 31 ¶14 - 20
[7] Dep. of Peng pg 30 ¶2- 13
[8] Complaint ¶ 7; Dep. of Gao pg 60 ¶20-24; Dep. of Peng pg 36 ¶4- 11

4

the Complaint are located elsewhere, 303 E 56th Street, New York, NY 10022[9], but service for these other corporations was only made at Defendant 118 E 31st St, New York, NY, 10016, Umi Sushi's address (see docket 7 and 8). Unsurprisingly, these two Defendants have not appeared in this action.

In a similar move, despite both Plaintiffs testimony that their only boss was male, and that he was the only one that hired them, set their schedule, set their pay, paid them, and supervised them (as described in more detail below and in Defendants Rule 56 statement), Plaintiffs have also sued Defendants AI ZHEN ZHENG and SIMIATI ONG, both women, who Plaintiffs either did not know or barely knew, and who were not Plaintiffs' employers. Defendants now move to dismiss all claims against Defendants AI ZHEN ZHENG and SIMIATI ONG

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (2007).

The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp*., 477 U.S. at 323. This requires the moving party to either establish

---

[9] Complaint ¶ 11 and 14

that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id*. at 322–23.Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e).  Importantly, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Because there exist no issues of material fact concerning those portions of Plaintiffs' Complaint which are the subject of the instant motion, partial summary judgment in favor of Defendants is appropriate.

### I. AI ZHEN ZHENG WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL

All claims asserted against Defendant AI ZHEN ZHENG should be dismissed because there is nothing in the record that in any way supports Plaintiffs claims that AI ZHEN ZHENG was an "employer".

Under the FLSA an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The primary concern in reaching a determination that an individual is an "employer" under the FLSA is whether he or she "possessed the power to control the workers in question ...." *Herman v. RSR Sec. Servs., Ltd*., 172 F.3d 132, 139 (2d Cir. 1999).

The Second Circuit has held that in determining whether an individual is an "employer" under the Fair Labor Standards Act, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Security Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (internal quotations and citations omitted);

"[W]hether an individual is an 'employer' under New York law involves the same legal considerations as those under federal law." *Hernandez v. La Cazuela de Mari Rest., Inc*., 538 F. Supp. 2d 528, 534-35 (E.D.N.Y. 2007). *See also Yu G. Ke v. Saigon Grill, Inc*., 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008); *Chen v. St. Beat Sportswear, Inc*., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005).

Under the so-called "economic reality" test, the relevant factors for a Court to consider are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman, supra,* 172 F.3d at 139 (citations omitted).

When looking at the record it becomes clear that AI ZHEN ZHENG was not an employer of Plaintiff.  Ai Zhen Zheng is a women. Both Plaintiffs testified that the boss of Umi Sushi was

7

a man[10]. Both Plaintiffs' testified that this male boss was the person who hired them[11].Both Plaintiffs' testified that this male boss was the person who they quit to.[12] Both Plaintiffs testified that this male boss set their schedule and was the person they notified when they needed a day off.[13] Both Plaintiffs testified that this male boss spoke with them about salary and paid them.[14] Both Plaintiffs testified that they did not know Ai Zhen Zheng or thought she was a waitress.[15]

It is clear from Plaintiffs' testimony that Ai Zhen Zheng was not an employer of either Plaintiffs, and that Ai Zhen Zheng meets none of the relevant factors of the economic realty test to be considered an employer.

As there was no employment relationship between Plaintiffs and Defendant AI ZHEN ZHENG, all claims against Defendant AI ZHEN ZHENG should be dismissed with prejudice.

## II. SIMIATI ONG WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL

Similarly, all claims asserted against Defendant SIMIATI ONG should be dismissed because there is nothing in the record that in any way supports Plaintiffs claims that Simiati Ong was an "employer".

When looking at the record it becomes clear that Simiati Ong was not an employer of Plaintiff. Simiati Ong is a women. Both Plaintiffs testified that the boss of Umi Sushi was a man[16]. Both Plaintiffs' testified that this male boss was the person who hired them[17].Both Plaintiffs' testified that this male boss was the person who they quit to.[18] Both Plaintiffs testified

---

[10] Dep. of Gao pg 36 ¶11 – pg38 ¶20; Dep. of Peng pg 25 ¶2- pg 27 ¶10/
[11] Dep. of Gao pg 36 ¶11 – pg38 ¶20 ; Dep. of Peng pg 27 ¶8-10.
[12] Dep. of Gao pg 64 ¶4-12; Dep. of Peng pg 27 ¶11-19;  Dep. of Peng pg 38 ¶22 - pg39 ¶4
[13] Dep. of Gao pg 38 ¶13-20; Dep. of Gao pg 54 ¶17- pg 55 ¶10; Dep. of Peng pg 27 ¶24 –pg 28¶1; Dep. of Peng pg 29¶17-25; Dep. of Peng pg 39 ¶5–14
[14] Dep. of Gao pg 40 ¶4-8; Dep. of Gao pg 47 ¶9-13; Dep of Peng pg 26 ¶3 – pg27 ¶10; Dep of Peng  pg 37 ¶13 -23; Dep. of Peng pg 38 ¶5-13; Dep. of Peng pg 27 ¶21-23
[15] Dep. of Gao pg 61 ¶11- 15; Dep. of Peng pg 67 ¶9-11
[16] Dep. of Gao pg 36 ¶11 – pg38 ¶20; Dep. of Peng pg 25 ¶2- pg 27 ¶10/
[17] Dep. of Gao pg 36 ¶11 – pg38 ¶20 ; Dep. of Peng pg 27 ¶8-10.
[18] Dep. of Gao pg 64 ¶4-12; Dep. of Peng pg 27 ¶11-19;  Dep. of Peng pg 38 ¶22 - pg39 ¶4

that this male boss set their schedule and was the person they notified when they needed a day off.[19] Both Plaintiffs testified that this male boss spoke with them about salary and paid them.[20] Both Plaintiffs testified that they did not know Simiati Ong or thought she was a waitress.[21]

It is clear from Plaintiffs' testimony that Simiati Ong was not an employer of either Plaintiffs, and that Simiati Ong meets none of the relevant factors of the economic realty test to be considered an employer.

As there was no employment relationship between Plaintiffs and Defendant Simiati Ong, all claims against Defendant Simiati Ong should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in all respects and all claims against Defendants should be dismissed.

Dated: New York, NY
      February 21, 2020

                                          */s/ Vincent S Wong*
                                          Vincent S. Wong, Esq. (VW9016)
                                          Law Offices of Vincent S. Wong
                                          39 East Broadway, Suite 306
                                          New York, NY 10002
                                          P: (212) 349-6099

---

[19] Dep. of Gao pg 38 ¶13-20; Dep. of Gao pg 54 ¶17- pg 55 ¶10; Dep. of Peng pg 27 ¶24 –pg 28¶1; Dep. of Peng pg 29¶17-25; Dep. of Peng pg 39 ¶5–14
[20] Dep. of Gao pg 40 ¶4-8; Dep. of Gao pg 47 ¶9-13; Dep of Peng pg 26 ¶3 – pg27 ¶10; Dep of Peng  pg 37 ¶13 -23; Dep. of Peng pg 38 ¶5-13; Dep. of Peng pg 27 ¶21-23
[21] Dep. of Peng pg 66 ¶22– 24; Dep. of Gao pg 61 ¶16- 20