USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  8/5/2020

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SHIQIANG GAO, *on his own behalf and on behalf of other similarly situated*, and JIANMIN PENG,

                          **Plaintiffs,**

                          -against-

UMI SUSHI, INC., ET AL.,

                          **Defendants.**

------------------------------------------------------------------------ x

1:18-CV-06439 (ALC) (SN)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

## INTRODUCTION

Plaintiffs bring this suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and New York Labor Law (NYLL), alleging, among other things, minimum wage and overtime violations on the part of Defendant Restaurant and individual Defendants. Defendants move for summary judgment. For the reasons discussed below, Defendants' motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiffs Shiqiang Gao and Jianmin Peng allege they worked for Defendants as delivery persons at Umi Sushi, a restaurant located in New York, New York. Plaintiffs allege that Defendants failed to pay minimum wage in violation of the FLSA and NYLL; failed to pay overtime in violation of the FLSA and NYLL; failed to pay spread of time pay in violation of NYLL; failed to keep records in violation of NYLL; failed to provide time of hire wage notice in

1

violation of NYLL; failed to provide wage statements in violation of the NYLL; and breached an implied contract for reimbursement of expenses.

The Court will not recite the details of the alleged violations, because Defendants' motion is addressed to a narrow question. The instant motion seeks summary judgment that two Defendants, Ai Zhen Zheng and Sumiata Ong, are not "employers" within the meaning of the FLSA and NYLL, such that they cannot be personally liable for damages.

## PROCEDURAL BACKGROUND

On July 17, 2018, Plaintiff Gao filed a Complaint initiating this action. ECF No. 1. On August 24, 2018, Sumiati Ong, Umi Sushi, Inc., Ai Zhen Zheng, and Luo Kun Zheng answered the Complaint. ECF No. 13. On March 8, 2019, the Court granted in part Plaintiff's motion for conditional certification under the FLSA. ECF No. 34. On July 8, 2019, Plaintiff Peng consented to become a party plaintiff. ECF No. 46-47. Defendants filed the present motion on February 21, 2020. ECF No. 65-70. On March 23, 2020, Plaintiffs opposed Defendants' 72. Defendants replied on April 6, 2020. ECF No. 73.

Upon careful consideration, the Court concludes that there are no triable issues of fact regarding whether Ong and Zheng are employers, and Defendants are entitled to summary judgment.

## STANDARD OF REVIEW

At summary judgment, a court is tasked with determining whether genuine disputes of material fact exist between the parties, which should properly be submitted to a jury, or whether, where no issues of material fact are found, the moving party is entitled to judgment as a matter of law. *See Howley v. Town of Stratford*, 217 F.3d 141, 150-51 (2d Cir. 2000). Even where facts are

disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998). "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto*, 143 F.3d at 114. Although it is true that "the nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), "any evidence considered on summary judgment must be reducible to admissible form," *Figueroa v. Mazza*, 825 F.3d 89, 98 n.8 (2d Cir. 2016) (citing Fed. R. Civ. P. 56(c)(2) and *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001)). Nevertheless, when examining the evidence, the court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

## ANALYSIS

1. FLSA Claims

The FLSA creates liability for any "employer" who violates its terms. *See, e.g.*, 29 U.S.C. § 207(a)(1). An "employer" is defined broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," 29 U.S.C. § 203(a), (d), and an individual may be employed by more than one employer, 29 C.F.R. § 791.2(a).

In determining whether someone or an entity is an employer, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), holding modified by *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003) (internal citations omitted). In determining whether a defendant is an "employer," as defined in the FLSA, the Second Circuit has identified four factors to consider: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir.1984)). Satisfaction of the four *Carter* factors is sufficient but not necessary to establish an employer-employee relationship. *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003). A district court is "free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng*, 355 F.3d at 71-72.

Along with applying the *Carter* factors, the Second Circuit has explained that for an individual to be an employer the person "must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment", such as "workplace conditions and operations, personnel, or compensation." *Irizarry*, 722 F.3d at 109. "Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without some involvement in the company's employment of the employees." *Id*. at 111. There must be more than just "[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function. . . ." *Id.* at 109.

In arguing that they are entitled to summary judgment that Ong and Zheng are not employers, Defendants argue that no facts indicate the *Carter* factors are met. Defendants rely on

4

declarations from Ong and Zheng wherein both Defendants swear that they (1) did not and do not manage Umi Sushi or its employees, (2) did not and do not set rate of pay or pay employees of Umi Sushi, (3) did not and do not make schedules for employees of Umi Sushi, (4) did not and do not hire or fire employees of Umi Sushi, and (5) did not and do not keep records for Umi Sushi. Rule 56.1 Statement of Facts ("Ds' 56.1"), ECF No. 70, ¶¶ 1-12. Defendants further emphasize that Plaintiffs Gao and Peng have testified that the person who hired them, set their pay, and otherwise supervised them was a man, while Ong and Zheng are women that neither Plaintiff testified exercised control over them. Ds' 56.1 ¶¶ 13-42.

Plaintiffs counter that triable issues render summary judgment improper. However, as explained below, Plaintiffs fail to show a triable issue as to any fact put forth by Defendants that demonstrate Ong and Zheng are not employers and do not offer any evidence to enable a reasonable jury to conclude that they are.

Plaintiffs allege that Ong "managed Umi Sushi to the extent that she hired multiple employees including a delivery person whose employment preceded Plaintiff [Gao']s and the cashier Mei Dan Liu on or about July 14, 2015, set Mei Dan Liu's initial wage rate, gave Mei Dan Liu a raise, and retained a portion of Mei Dan Liu's tips." Statement of Material Facts ("Ps' 56.1"), ECF No. 71-4, ¶¶ 2, 5. Plaintiffs cite two sources in support of this allegation: the Complaint, ECF No. 1, and the Declaration of Shiqiang Gao in Support of Plaintiff's Motion for Conditional Collective Action, ECF No. 23-5. Both fail to show a triable issue.

The Complaint on which Plaintiffs rely is unverified. While a plaintiff is entitled to rely on a verified pleading in support of a motion for summary judgment, a plaintiff may not rely on an unverified complaint based solely on "information and belief." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004). Nor does the Gao Declaration standing alone create a triable

issue as to this matter. The Gao Affidavit only indicates that Gao knew two delivery men named Zhizhong Liu and Juntao Fan, ECF No. 23-5 ¶ 20, that both began working with Umi Sushi in December 2017 and stopped working there in February 2018, ECF No. 23-5 ¶¶ 23, 32. Neither the cited portion of the Affidavit, nor the remainder, includes assertions creating a triable issue that Ong was an employer.

Plaintiffs also allege that Ong had hiring power, as shown by Plaintiff Peng calling Ong on her personal mobile phone when he wanted his job back. Ps' 56.1 ¶ 2. Plaintiffs purport to support this allegation with testimony by Ong herself. Ps 56.1 ¶ 2 (citing Ong Dep. 26:24–27:4). However, Ong's testimony does not support this allegation. Ong gave the following testimony about a conversation during which Mr. Peng asked her for work: "You know like couple of months ago he call me, and hey, I come back for Virginia, I don't want to go back to Virginia. If your husband still needs husband to work, I say, you·can call by himself.· I fighting with him many·times, he is no more fighting.·Usually husband and wife fighting.· It's around two, three months I didn't call him and he didn't call me. He didn't stay in the house no more.·We're not staying in the same apartment no more." Contrary to Plaintiffs' assertion, Ong's testimony does not indicate that she has the hiring and firing power. Rather, it suggests the opposition—Ong directed Peng to her husband to discuss being hired. This testimony does not show a triable issue regarding whether Ong had hiring power.

The next assertion Plaintiffs offer to demonstrate a triable fact as to Ong's status as an employer is that she set the rate of pay of a non-party employee. Ps' 56.1 ¶ 3. Plaintiffs cite notes taken by John Troy, counsel for Plaintiffs, of a conversation with said employee. Ps' 56.1 ¶ 3 (citing Ex. 1, ECF No. 71-1). Mr. Troy's notes are hearsay, as are the statements by the non-party employee memorialized therein. These hearsay assertions are "insufficient to create a genuine

6

issue for trial." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citing *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d at 160).

Finally, Plaintiffs allege that Ong controlled Plaintiffs' workday by picking up the customer delivery orders and transmitting them to delivery people. Ps' 56.1 ¶ 4. Plaintiffs cite testimony from Ong in support of this allegation. Ps' 56.1 ¶ 4 (citing Ong Dep. 14:24–15:11). Therein Ong testified: "Q.·What jobs did you do at Umi Sushi·when you came into work? A.·Waitress.·Like I was waitress, sometime the phone keep ringing and annoy everyone. I go pick up the phone also. Q. When you picked up the phone, would you take the call or would you hand it off to·somebody else? A.·Sometime I take the call. Q.·Those would be orders? A. Order from the customer, hungry·people need food. Just enter to the computers·and that's all. That's all I have to do.·I go to table care of my customer. Q. When you took the phone to take a customer order, did you ever instruct the·delivery person to deliver that order to the·customer? A.·No. Q.· Did you interact with the delivery people at all when you were working at Umi Sushi? A. No.· That's his job, have to do it." ECF No. 71-3 at 14:22-15:20. Contrary to Plaintiffs' assertion, Ong specifically testified that she did not transmit orders to the delivery persons, or otherwise interact with them. The Court therefore concludes that Plaintiffs have failed to demonstrate a triable issue of fact as to whether Ong is an employer.

With respect to Zheng, Plaintiffs rely on the Umi Sushi liquor license to create a triable issue of fact. Plaintiffs assert that "as the holder of the liquor license for Umi Sushi, Inc., [Zheng] represented to New York State that she was either an owner of Umi Sushi or in possession of its premises under a lease, management agreement, or other agreement giving her control over the food and beverages at its premises, and thus over employees handling food and beverages." Ps' 56.1 ¶¶ 8-12. Plaintiffs ask the Court to assume operational control from the name on the liquor

license without basis. But, "[i]n order for an individual defendant to be an employer, there must be more than just '[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function. . . . Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.'" *Irizarry*, 722 F.3d at 109. The liquor license alone does not create a triable issue regarding Zheng's operational control over Umi Sushi. Plaintiffs have not offered any other evidence to demonstrate a triable issue regarding whether Zheng is an employer.

For the reasons above, the Court GRANTS Defendants' motion for summary judgment as to Ong and Zheng regarding the FLSA claims.

2. NYLL Claims

The NYLL defines "employer" as "any person ... employing any individual in any occupation, industry, trade, business or service" or "any individual ... acting as employer." N.Y. Lab. Law. §§ 190(3), 651(6). The Second Circuit has noted that the question of whether the tests for employer status are the same under the FLSA and the NYLL has not been answered by the New York Court of Appeals. *Irizarry*, 722 F.3d at 117. However, courts in this district "have interpreted the definition of 'employer' under the New York Labor law coextensively with the definition by the FLSA." *Napoli v. 243 Glen Cove Ave. Grimaldi, Inc.*, 397 F. Supp. 3d 249, 264 (E.D.N.Y. 2019) (collecting cases). For the same reasons that the Court concludes Plaintiffs have failed to show a triable fact as to Ong and Zheng being employers under the FLSA, Plaintiffs have failed to do so under NYLL.

Defendants' motion for summary judgment as to the NYLL claims against Ong and Zheng is therefore GRANTED.

3. Breach of Implied Contract Claim

The Parties' briefing does not explicitly address Count X of the Complaint, Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs. The Court ORDERS Plaintiffs to show cause why, in light of the Court's conclusion that Ong and Zheng are not employers under the FLSA and NYLL, summary judgment is not proper as to Count X as well. Plaintiffs should make such showing in writing 30 days from the issuance of this Opinion. Defendants may make a response, if any, two weeks thereafter. Plaintiffs may make a reply, if any, one week after that.

## CONCLUSION

For the foregoing reason, Defendants motion for summary judgment is GRANTED. Plaintiffs are ordered to show cause why summary judgment in favor of Defendants Ong and Zheng as to the breach of implied contract count should not be granted.

**SO ORDERED.**

**Dated:**      **August 5, 2020**
               **New York, New York**          _____

                                               **ANDREW L. CARTER, JR.**
                                               **United States District Judge**